USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: September 4, 2013



CHAMBERS OF
JOHN G. KOELTL
U.S.D.J.

**WILMERHALE**

Peter J. Macdonald

+1 212 937 7223 (t)
+1 212 230 8888 (f)
peter.macdonald@wilmerhale.com

**VIA FACSIMILE**

Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: _Mixon, et al. v. Pride and Joy Miami, LLC, et al._, No. 13 Civ. 5534 (S.D.N.Y.)

Dear Judge Koeltl:

We represent defendants Pride and Joy Miami, LLC, ("Pride and Joy Miami") Pride and Joy BBQ, LLC, ("Pride and Joy New York") and Pablo Cardenas (collectively "Defendants") in the above-referenced matter. We write pursuant to the Court's Individual Practices to request a pre-motion conference, or consideration at the October 7, 2013 conference previously scheduled by the Court (_see_ Notice of Court Conference, [Dkt. No. 3]), for a motion to dismiss, in part, the Complaint filed by plaintiffs Myron Mixon and Jack's Old South, LLC (collectively "Plaintiffs"). We respectfully request that Defendants' time to respond to the Complaint be adjourned to two-weeks after the date set by the Court for a pre-motion conference, and that the initial pretrial conference procedures outlined in the Pilot Project Regarding Case Management Techniques for Complex Civil Cases be postponed until the motion is decided. _See_ Pilot Project Regarding Case Management Techniques, at 1, ¶ B [Dkt. No. 2].

According to the Complaint (_see_ Dkt. No. 1), this suit arises out of a failed business relationship relating to the operation of a restaurant in Miami and efforts to open a restaurant in New York City. Plaintiffs allege that, in March 2012, Mr. Mixon entered into a contractual relationship with Pride and Joy Miami to "lend his professional services and culinary expertise to the Miami Restaurant" in exchange for compensation (the "2012 Agreement"), and that Pride and Joy Miami failed to properly compensate Mr. Mixon according to that agreement. _See_ Compl. ¶¶ 21-31. Plaintiffs further allege that, in January 2013, Mr. Mixon and Pride and Joy Miami amended the original agreement in connection with the opening of a new restaurant in New York, and that Pride and Joy Miami failed to abide by the terms of this amendment, and ultimately repudiated both of the alleged agreements. _Id._ at ¶¶ 32-52. Plaintiffs also claim that Pride and Joy Miami and Pride and Joy New York used Mr. Mixon's name, likeness, and trademarks without consent. _Id._ at ¶¶ 81-91, 96. Plaintiffs assert causes of action for (i) breach of contract; (ii) anticipatory repudiation; (iii) goods delivered but not paid for; (iv) trademark infringement; and (v) misappropriation of name and likeness. _Id._ ¶¶ 53-97.

_Time to move or answer stayed until a date to be set at the 10/7/13 Conference. So ordered._

_9/4/13_ _John G. Koeltl_
_U.S.D.J._

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

Honorable John G. Koeltl
September 4, 2013
Page 2

1.    Dismissal of Claims Based On The Alleged Amendment of the 2012 Agreement

While Plaintiffs base their claims upon an alleged amendment of the 2012 Agreement, the parties did not enter into such an amendment. The 2012 Agreement is attached to the Complaint and, in relevant part provides:

> *No agreements, express or implied, and understandings, either oral or written, altering or supplementing the terms of this Agreement may be made except by a written document signed by the duly authorized representatives of the parties.*
>
> *This Agreement shall not be amended, or any term modified, without the prior written consent of both parties. . . . Such amendment or modification shall not take effect until a written amendment to this Agreement is signed by the parties or their representatives duly authorized to execute such amendment or modification.*

Compl. at Ex. A, ¶ 13 (emphasis added). The documents that allegedly constitute an amendment, also attached to the Complaint, were not executed by anyone at all, let alone on behalf of any of the Defendants. *See id.* at Ex. B. Under New York law, "when parties negotiating a proposed contract express an intent not to be bound until their negotiations have culminated in the execution of a formal contract, they cannot be bound until that event has occurred." *Beekman Inv. Partners, L.P. v. Alene Candles, Inc.*, No. 05 Civ. 8746, 2006 WL 330323, at *5 (S.D.N.Y. Feb. 14, 2006); *Jim Bouton Corp. v. Wm. Wrigley Jr. Co.*, 902 F.2d 1074, 1081 (2d Cir. 1990) (same). The so-called amendment, by its own terms, likewise contemplated formal written execution, and further demonstrates that the parties did not intend to be bound until any amendment was formally executed. *See* Compl. at Ex. B (final paragraph of purported amendment states that "this Amendment may be executed in one or more separate counterparts, each of which, *when so executed* shall, together, constitute and be one and the same instrument") (emphasis added); *see also National Gear & Piston, Inc. v. Cummins Power Sys., LLC,* 861 F. Supp. 2d 344 (S.D.N.Y. 2012) (dismissing breach of contract claim where contract was unsigned, and stating that "if the language of the agreement is clear that the parties did not intend to be bound, the Court need look no further"); *Braun v. CMGI, Inc.*, No. 99 Civ. 12328, 2001 WL 921170, at *7 (S.D.N.Y. Aug. 14, 2001) (declining to find contract on basis of performance and stating that, in considering whether contract was formed, "[t]he most important factor to consider is whether the parties expressly reserved their contractual obligations until the execution of a writing.").

2.    Dismissal of All Contract Claims Against Pride and Joy New York

Plaintiffs allege no facts to support a contract claim against Pride and Joy New York. The only alleged contract is between Mr. Mixon and Pride and Joy Miami. *See* Compl. at Ex. A. The unsigned documents held out as an amendment only purport to bind Pride and Joy Miami. *Id.* at Ex.

WILMERHALE

Honorable John G. Koeltl
September 4, 2013
Page 3

B (bearing unexecuted signature block for "Pride and Joy Miami LLC"). A breach of contract claim cannot lie against a non-party to the contract, since they are not bound to the agreement and cannot be held in breach of performance. *See, e.g., Fisch v. New Heights Acad. Charter Sch.*, No. 12 Civ. 2033, 2012 WL 4049959, at *7 (S.D.N.Y. Sept. 13, 2012) ("It is black letter law . . . that generally one who is not a party to a contract cannot be held liable for a breach of that contract."); *Artist Mgmt. Office, Inc. v. Worldvision Enters., Inc.*, 95 CIV. 9497 RPP, 1997 WL 188937 (S.D.N.Y. Apr. 18, 1997) (dismissing contract claim where "it is undisputed that the moving defendants are not party to the agreement" and "there is no allegation in the complaint as to any other contractual relationship between the movants and plaintiff"); *Black Car & Livery Ins., Inc. v. H & W Brokerage, Inc.*, 28 A.D.3d 595, 595-96, 813 N.Y.S.2d 751, 752 (2d Dep't 2006) (holding that "breach of contract cause of action was properly dismissed . . . since [the respondent] was not a party to the agreement in question").

3.      Dismissal of All Claims Against Mr. Cardenas

Plaintiffs also sue Mr. Cardenas in his individual capacity, but allege only that he is a managing member and majority owner of the two Pride and Joy limited liability companies. *See* Compl. at ¶¶ 7, 16, 18-19, 32. A member or manager of a limited liability company is not individually liable for the conduct of the company, and is not a proper party to a proceeding against the company. *See* N.Y. Ltd. Liab. Co. Law §§ 609(a), 610.[1] Plaintiffs have alleged no grounds to disregard the corporate form or otherwise extend liability to Mr. Cardenas. *See, e.g., Retropolis, Inc. v. 14th Street Dev. LLC,* 17 A.D.3d 209, 210-11 797 N.Y.S.2d 1, 2-3 (1st Dep't 2005) (dismissing non-tort claims against LLC member because plaintiff failed to pierce the corporate veil); *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 273-74 (S.D.N.Y. 2004) (dismissing claim for failure to sufficiently plead facts to support piercing of corporate veil).

For the forgoing reasons, Defendants respectfully request a pre-motion conference and permission to file their motion for partial dismissal of Plaintiff's Complaint.

Respectfully submitted,

Peter J. Macdonald

cc:      Stephen Nakamura, Esq. (*via email*)

---

[1]      The same rule applies to both New York and Florida limited liability corporations. *See* N.Y. Ltd. Liab. Co. Law § 801 (law of state of foreign LLC governs liability of members and managers); Fla. Stat. § 608.4227 (member or manager generally not liable for LLC).