# Merle, Brown & Nakamura, P.C.

Attorneys at Law

90 Broad Street, Suite 2201
New York, New York 10004-2271

PIERRE F.V. MERLE
GEORGE R. BROWN V
STEPHEN H. NAKAMURA

Telephone: (212) 471-2990
Telefax: (212) 471-2997

THOMAS J. GERRITY
ANDREW R. PECK*

THEODORE P. NIKOLIS
OF COUNSEL

*Also admitted in New Jersey

**VIA FACSIMILE (followed by e-file)**

September 30, 2013

The Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   Myron Mixon, et al v. Pride and Joy Miami, LLC, et al.
      Civ. No.: 13 CIV 5534 (JGK)

Dear Judge Koeltl:

We are the attorneys for Myron Mixon ("Mixon") and Jack's Old South, LLC ("JOS"), the plaintiffs in the above-referenced matter. Pursuant to the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York (*see* Dkt. No. 2) ("Pilot Project"), and Rule 26(f) of the Federal Rules of Civil Procedure, this letter constitutes the joint written report of the Discovery Plan proposed by plaintiffs and defendants, Pride and Joy Miami, LLC ("PJM"), Pride and Joy BBQ. LLC ("PJNY") and Pablo Cardenas (collectively "Defendants").

As a preliminary matter, on September 4, 2013, counsel for Defendants wrote to the Court to request a pre-motion conference with respect to Defendants' intended motion to dismiss certain causes of action set forth in the complaint. In response to this request, Your Honor stayed Defendants' time to move or answer until a date to be set at the Initial Conference which is presently scheduled for October 7, 2013. (*See* Dkt. No. 7). Given that the Defendants answer date has not been set, the discovery deadlines set forth in this Joint Discovery Plan do not contain exact dates. Rather such deadlines run from the date Defendants answer the complaint (whatever date that may end up being).

**Joint Discovery Plan**
On September 17, 2013, counsel for the parties conducted their Rule 26(f) conference and agreed to the following suggested discovery schedule:

MERLE, BROWN & NAKAMURA, P.C.

Rule 26(f)(3)(A):  The parties intend to complete their initial disclosures in accordance with Rule 26(a) on or before October 1, 2013.

Rule 26(f)(3)(B):  The parties believe that fact discovery should be completed eight (8) months after the date of Defendants' answer. The parties do not anticipate any expert discovery at this time, but reserve the right to name an expert if further discovery presents the need for one. The parties believe that expert discovery, if any, should be completed eight (8) months after the date of Defendants' answer, provided that expert reports, if any, will be due thirty (30) days prior to the close of fact discovery, and that expert depositions will be concluded no later than sixty (60) days after the exchange of reports. JOS and Mr. Mixon anticipate seeking discovery with respect to the following subject matters:

1. Documents supporting Defendants' allegations that Mr. Mixon materially breached the 2012 License Agreement and/or the 2013 Amendment;[1]

2. Any business plans related to the New York Restaurant location;

3. Documents related to the New York and Florida liquor license applications;

4. Evidence of any payments made to Mr. Mixon, JOS and/or the entity known as the Culinary Entertainment Agency;

5. All materials bearing Mr. Mixon's name and likeness;

6. Correspondence between the parties concerning the 2012 License Agreement and/or the 2013 Amendment;

7. Correspondence between the managing members of PJM and/or PJNY, as well as correspondence with any third parties concerning the 2012 License Agreement and/or the 2013 Amendment;

8. Correspondence referencing Myron Mixon and/or Jack's Old South, LLC;

9. Copies of any corporate resolutions in connection to any agreements entered into by PJM and/or PJNY; and

10. Operating agreements of PJM and PJNY; and any amendments thereto.

In addition to a number of the topics above, Defendants anticipate seeking discovery with respect to the following subject matters:

---

[1] Capitalized terms have the same definition as given in the Complaint. These terms are used solely for the convenience of the Court, and do not reflect any agreement as to the meaning or legal conclusions to be drawn about these documents or items.

2

MERLE, BROWN & NAKAMURA, P.C.

1. Mr. Mixon's activities related to PJM, PJNY, Mr. Cardenas, and/or the restaurants at issue in this litigation.

2. Actions of Michael Psaltis and the Culinary Entertainment Agency ("CEA") related to the restaurants at issue in the litigation.

3. Agreements made by or on behalf of Mr. Mixon, JOS, Michael Psaltis, CEA, or any other relevant party related to PJM, PJNY, Mr. Cardenas, and/or the restaurants at issue in this litigation.

4. Communications by, between, or among one or more of the following: Mr. Mixon, JOS, Michael Psaltis, CEA, Michael Saladino.

Rule 26(f)(3)(C): The parties intend to produce any electronically stored information in native format where available.

Rule 26(f)(3)(D): The parties do not anticipate issues with respect to claims of privilege to arise and do not presently intend to seek production of trial preparation materials. In the event such issues arise the parties agree that the provisions of Rule 26(b)(3) and (b)(5) shall respectively govern with respect to any issues concerning trial preparation materials and claims of privilege.

Rule 26(f)(3)(E) and (F): No changes in the limitations on discovery or any additional discovery orders are anticipated at this time.

In addition to the foregoing, the parties would like to inform Your Honor of the following with respect to anticipated discovery, timing and procedure:

Depositions: Plaintiffs anticipate deposing defendant Pablo Cardenas. Plaintiff's also may take the deposition of Michael Saladino, Chris Mayer and Paul Thielecke. In addition to some or all of the individuals identified above, Defendants anticipate deposing defendant Myron Mixon, a corporate representative of defendant JOS, and Michael Psaltis. The parties will comport with the requirements of the Local Rules and the Federal Rules regarding depositions, and reserve their rights to take additional depositions as the discovery record is developed.

Interrogatories: The parties shall be permitted to serve 25 interrogatories each, provided that the parties reserve their rights in accordance with Local Civil Rule 33.3.

Dispositive Motions: The parties anticipate that any dispositive motions will be filed no later than forty five (45) days after the completion of discovery.

Amendment of Pleadings and/or Joinder: No amendments to the pleadings are anticipated at this time. The parties agree that joinder of any additional parties shall occur no later than 60 days after the filing of the Defendants' answer.

Discovery Disputes: Discovery disputes, if any, will be resolved consistent with the Court's individual practices and Local Rule 37.2.

MERLE, BROWN & NAKAMURA, P.C.

<u>Other Preliminary Issues:</u>  The parties are not aware of any other preliminary issues that require the Court's intervention.

Respectfully Submitted,

*[signature]*

Stephen Nakamura

cc:   Peter J. Macdonald, Esq.
      Craig R. Heeren, Esq.